**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Case No. 14-cv-02334-RM-BNB

CLINTON T. ELDRIDGE,

Applicant,

v.

D. BERKEBILE,

Respondent.

---

# ORDER

---

This matter is before the Court on Applicant Clinton T. Eldridge's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Application has been briefed by the parties. Applicant challenges the computation of his sentence. (ECF No. 1.) Applicant claims that he is entitled to credit for time in custody between July 19, 1984 and July 20, 1993, and that he has not received such credit. (ECF No. 1 at 5.)

For the following reasons, the Court (1) DENIES Eldridge's application; (2) DISMISSES the petition with prejudice; and (3) DENIES issuing a certificate of appealability.

## I. RELEVANT BACKGROUND

The following facts are contained in the § 2241 Application (ECF No. 1), Respondent's Response (ECF No. 21), and Petitioner's Response to Respondent's Response (ECF Nos. 23; 31), as well as the attachments to those filings. The relevant facts are not in dispute.

On November 18, 1983, Applicant, who was a Washington, D.C. resident on Youth Corrections Act ("YCA") parole for another offense, was arrested for new criminal conduct including rape, robbery, burglary, assault with intent to commit rape, attempted rape, and attempted robbery. (ECF No. 21-1 at 3, Bryan Erickson Decl. ¶ 7; ECF No. 21-1 at 13, Prisoner Custody, Detention, and Disposition Record.) Applicant remained in custody following this arrest.

On May 14, 1984, Applicant pled guilty in the District of Columbia Superior Court to a number of offenses arising out of the November 18, 1983 arrest. (ECF No. 1 at 3.) As a consequence of this plea, on July 10, 1984, the District of Columbia Board of Parole ("DCBP") executed a parole violation warrant against Applicant. (ECF No. 21-1 at 3, Erickson Decl. ¶ 9; ECF No. 21-1 at 17, District of Columbia Department of Corrections Face Sheet.) Upon execution of the parole violation warrant, Applicant began serving a YCA parole violation sentence. (ECF No. 21-1 at 3, Bryan Erickson Decl. ¶ 9.)

On July 19, 1984, Applicant was sentenced in the District of Columbia Superior Court for the following crimes: rape, burglary, assault with intent to commit rape, attempted rape, attempted robbery, and robbery. (ECF No. 21-1 at 3, Erickson Decl. ¶ 10; ECF No. 21-1 at 19-21, Judgment and Commitment Order, *U.S. v. Eldridge*, F-6638-83 (D.C. 1984).) For a total of nine counts, Applicant was to serve consecutive sentences for a total term of 40 to 120 years. (ECF No. 21-1 at 3, Erickson Decl. ¶ 10.)

On September 10, 1984, the DCBP administratively reparoled Applicant from the YCA sentence to the new adult sentence. (ECF No. 21-1 at 3, Erickson Decl. ¶ 11; ECF No. 21-1 at 23, DCBP Certificate of Administrative Parole.) This act commenced Applicant's service of the 40 to 120 year adult sentence. (ECF No. 21-1 at 3, Erickson Decl. ¶ 11.)

Following an appeal of the proceedings leading to Applicant's adult sentence, one of Applicant's nine counts of conviction was vacated. *Eldridge v. United States*, 618 A.2d 690, 697 (D.C. 1992). On December 30, 1992, the District of Columbia Court of Appeals remanded the case back to the trial court for resentencing. *Id*. at 698-99.

On July 20, 1993, the District of Columbia Superior Court resentenced Applicant on the remaining eight counts to the same aggregate sentence of 40 to 120 years imprisonment, the sentences on the individual counts being consecutive to each other. (ECF No. 21-1 at 4, Erickson Decl. ¶ 14; ECF No. 21-1 at 26-27, Judgment and Commitment Order, *U.S. v. Eldridge*, F-6638-83 (D.D.C. 1993).) The Superior Court's Order in 1993 did not indicate that the new sentence was to be served in a different sequence or manner than the sentence as originally imposed in 1984. (*See generally* ECF No. 21-1 at 26-27, Judgment and Commitment Order, *U.S. v. Eldridge*, F-6638-83 (D.D.C. 1993).) To achieve the same aggregate sentence as the original sentence, the Superior Court for the District of Columbia increased the sentence for Applicant's conviction on one count (Count Z) of his conviction to a sentence of fifteen to forty-five years rather than the original sentence of ten to thirty years for that conviction. (*Compare* ECF No. 21-1 at 26-27, Judgment and Commitment Order, *U.S. v. Eldridge*, F-6638-83 (D.C. 1993) with ECF No. 21-1 at 19-21, Judgment and Commitment Order, *U.S. v. Eldridge*, F-6638-83 (D.C. 1984).)

Later in 1998, in a matter not particularly germane to the matter at hand, Applicant was convicted of assault in the United States District Court for the Eastern District of Virginia and sentenced to 30 days consecutive to all other sentences being served. (ECF No. 21-1 at 4-5, Erickson Decl. ¶ 16; ECF No. 21-1 at 32-34, Judgment and Commitment Order, *U.S. v. Eldridge*, 1:97MG01187-001 (E.D. Va. 1998).)

In calculating Applicant's sentence, the Bureau of Prisons ("BOP") applied all time prior to his 1993 resentencing either to his YCA sentence or to his adult sentence. Specifically, all time from July 10, 1984, through September 9, 1984 was credited against Applicant's YCA parole violation sentence; all time from November 18, 1983 through July 9, 1984 was credited against his adult sentence; and his adult sentence was calculated as commencing on September 10, 1984. (ECF No. at 21-1 at 5-6, Erickson Decl. ¶¶ 17-24.)

## II. LEGAL STANDARDS

### A. *Pro Se* Status

The Court must construe the papers filed by Applicant liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110. A court may not assume that a *pro se* applicant can prove facts that have not been alleged, or that a respondent has violated laws in ways that an applicant has not alleged. *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The Court should not act as an advocate for a *pro se* applicant. *See Hall*, 935 F.2d at 1110. An applicant's *pro se* status does not entitle him to an application of different rules of civil procedure. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

### B. 28 U.S.C. § 2241

Habeas corpus relief is warranted when a prisoner's sentence is being executed in a manner that violates federal law or the United States' Constitution. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th

Cir. 1997) (holding that § 2241 is the appropriate vehicle to attack the execution of a sentence, including the deprivation of good-time credits).

## III. ANALYSIS

The dispute in this case is largely one of labels and semantics. Applicant seeks credit for time served in custody between the dates of his first (July 19, 1984) and second (July 20, 1993) sentencings. Saying "po-TA-to," Applicant demands that he be credited with all such time as credit for time served prior to his 1993 resentencing. Responding "po-TAH-to," the BOP advises that it commenced the service of Applicant's adult sentence on its original commencement date of September 10, 1984, notwithstanding the fact that the original sentence was vacated and later reimposed. Thus, except for a minor wrinkle pertaining to Applicant's YCA sentence, Applicant has already received what he seeks under a different label. Either Applicant simply does not understand what the BOP has done or he is attempting to receive double credit for time between the two sentencing dates. Either way, he is not entitled to the requested relief.

### A. Calculation of Applicant's Federal Prison Sentence

Calculation of a federal prison sentence is governed by 18 U.S.C. § 3585. The Attorney General, through the BOP, is responsible for making the sentence calculation contemplated by § 3585. *See United States v. Wilson*, 503 U.S. 329, 334 (1992). The decision may be reviewed in a habeas corpus action pursuant to 28 U.S.C. § 2241. Section 3585 provides as follows:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence. 18 U.S.C. § 3585.

According to BOP Program Statement 5880.30, Sentence Computation Manual, when a court vacates only part of the sentence and then resentences the defendant to the same or a shorter sentence, the sentence shall be computed as commencing on the date of the original computation and remain in the same sequence as originally imposed in relation to other sentences unless the court orders the new sentence be served in a difference sequence. *Headspeth v. Conley*, 126 F. Supp. 2d 1004, 1006-07 (S.D.W.V. 2001); (ECF No. 21-1 at 30, Program Statement 5880.30, Ch. XVI at 2.) Applicant does not dispute that this directive controls computation of his sentence. (*See generally* ECF No. 1; ECF No. 23.) Based on this directive, Applicant's adult sentence has been computed to run from the original date he was paroled into his adult sentence, September 10, 1984. (ECF No. 21-1 at 3, Erickson Decl. ¶ 11.)

The only remaining issue is whether Applicant is entitled to credit for time served from July 19, 1984, the date of his original sentencing to September 10, 1984, the date on which the BOP commenced his sentence. He is not.

At all times between July 19, 1984 and September 10, 1984, Applicant was serving his YCA sentence. (ECF No. 21-1 at 5, Erickson Decl. ¶ 19.) Applicant does not contend, and there is no evidence, that Applicant's adult sentence was ever imposed to run concurrently with his YCA sentence. Absent such an indication from the sentencing court, the BOP is correct in structuring the sentences to run consecutively. 18 U.S.C. § 3584(a). And Applicant may not receive "prior custody" credit for such time either. Such credit is not available on his adult

sentence where the time is credited against another sentence, here Applicant's YCA sentence. 18 U.S.C. § 3585(b). And finally, even though not the focus of Applicant's claims, the BOP correctly credited Applicant's sentence with prior custody credit from the date of his arrest in November 18, 1983 until the date (July 10, 1984) when his YCA parole violation sentence began.

Applicant fails to demonstrate that the BOP's calculation of the sentence is incorrect based upon the date his adult sentence commenced (September 10, 1984), presentence credit (ECF No. 21-1 at 6, Erickson Decl. ¶ 22), the added sentence subsequent to his being in federal custody for an assault (ECF No. 21-1 at 4-5, Erickson Decl. ¶ 16; ECF No. 21-1 at 32-34, Judgment and Commitment Order, *U.S. v. Eldridge*, 1:97MG01187-001 (E.D. Va. 1998)), and credit for meritorious good time (ECF No. 21-1 at 5, Erickson Decl. ¶ 21; ECF No. 21-1 at 47-48, SENTRY Sentence Monitoring Good Time Data). Applicant has, in fact, been given service credit for most of the time period he seeks. Applicant is not entitled to credit for the time served from July 19, 1984 (the date of his original sentencing) to September 10, 1984 (the date on which his adult sentence commenced) for the reasons stated.

### B. Applicant Fails to Demonstrate that His Sentence Violates Either the Due Process or the Double Jeopardy Clause

Applicant's claims of entitlement to credit for time served and "time served credit" from July 19, 1984 to July 20, 1993, are based on Applicant's view of the constitutional implications of the failure to adopt his position. As noted above, much of the dispute herein is more a matter of labels than matters of constitutional significance as Applicant has been credited with almost all of the time in question as direct service time instead of prior credit time. As to the two month difference, Applicant is not entitled to that time as it has been credited against another sentence. Nonetheless, in deference to Applicant's *pro se* status, and in the event Applicant may also be

suggesting some constitutional infirmity with his resentencing, the Court will address the constitutional directly.

"In cases where convictions on some but not all counts of a multiple-count indictment are vacated on appeal, [a] court may remand the case to the trial court for resentencing on the remaining convictions, so as not to 'upset an interdependent sentencing structure.'" *Eldridge*, 618 A.2d at 699 (citing *Bean v. United States*, 606 A.2d 770, 772 (D.C. 1992) and *Thorne v. United States*, 471 A.2d 247, 249 (D.C. 1983)). Courts agree that as long as the total length of the new sentence on the remaining counts does not exceed the total length of an appellant's previous sentence on all counts (including those overturned), and there is no other evidence of any retaliatory motive, such resentencing offends neither due process nor the double jeopardy clause. *See Pennsylvania v. Goldhammer*, 474 U.S. 28, 30 (1985) (per curiam); *United States v. Welch*, 928 F.2d 915, 916-17 (10th Cir. 1991), *cert. denied*, 502 U.S. 850 (1991); *United States v. Pimienta-Redondo*, 874 F.2d 9, 14 (1st Cir. 1989); *United States v. Hodges*, 628 F.2d 350, 353 (5th Cir. 1980).

1. Due Process

In *North Carolina v. Pearce*, 395 U.S. 711, 726 (1969), the United States Supreme Court held that the due process clause prevents a trial court judge from imposing a greater sentence on a defendant after a successful appeal of a conviction unless the judge gives affirmative reasons for doing so. *See United States v. Rourke*, 984 F.2d 1063, 1066 (10th Cir. 1992); *see also Welch*, 928 F.2d at 919 (McKay, J., concurring). *Pearce*, upon which Applicant relies, does not command a result in Applicant's favor. In this case, Applicant specifically disavows that he is pursuing a claim that the trial judge was vindictive in his resentencing. (ECF No. 23 at 15.)

Further, here, Applicant received exactly the same sentence, in aggregate, as that originally imposed. Thus, the trial judge did not impose a "more severe sentence." Even assuming *arguendo* that the trial court imposed a more severe sentence, Applicant implicitly concedes that the reason for the more severe sentence affirmatively appears on the record. (ECF No. 23 at 21; ECF No. 23 at 40 ("The only one I increased was Count 24, Count Z, which was the same count related to the twentieth count, which was set aside.").)

The error in Applicant's logic is clear when he conflates a conviction for resentencing. (ECF No. 23 at 5.) Applicant claims that upon remand, the trial court's increasing his sentence on Count Z to a minimum of fifteen years and a maximum of forty-five years from a minimum of ten to a maximum of thirty years constituted a "new conviction." (ECF No. 23 at 5.) It is obvious that the trial court merely followed the remand instructions and *resentenced* Applicant based upon a "package deal" or interdependent sentencing structure. Seen in light of this reality, "retrofitting a sentence after a conviction is sustained in part and vacated in part seems altogether a sensible, fully legitimate response to criminal conduct" and does not violate due process. *Pimienta-Redondo*, 874 F.2d at 14.

2. Double Jeopardy

The Fifth Amendment guarantee against double jeopardy "has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Pearce*, 395 U.S. at 717. It is the last of these protections that is implicated when a defendant is resentenced after a successful appeal in which convictions on some of multiple counts are reversed and others are affirmed.

The Tenth Circuit Court of Appeals has held that the relevant double jeopardy analysis requires a court to ask "whether the defendant had a 'legitimate expectation of finality in his original sentence.'" *Welch*, 928 F.2d at 916 (citations omitted). And the Tenth Circuit further held that "a defendant can acquire no legitimate expectation of finality in an illegal sentence, because such sentence remains subject to modification." *Welch*, 928 F.2d at 916 (internal quotation and citations omitted). Applicant, who challenged his multiple-count sentence on direct appeal, had no legitimate expectation of finality in the original unlawful sentence. *See Welch*, 928 F.2d at 917.

> Where the defendant challenges one of several interdependent sentences (or underlying convictions) he has, in effect, challenged the entire sentencing plan. . . . Consequently, he can have no legitimate expectation of finality in any discrete portion of the sentencing package after a partially successful appeal.

*Pimienta-Redondo*, 874 F.2d at 16 (quoting *United States v. Shue*, 825 F.2d 1111, 1115 (7th Cir. 1987) (citations omitted)). Accordingly, in this case, the "resentencing did not violate the double jeopardy clause" because the original sentences imposed on all nine counts of which Applicant was convicted were interdependent and thus, they comprised a single sentencing package. *Welch*, 928 F.2d at 917. When the sentencing package was "unbundled" because of a successful appeal of one, but not all, of the counts of the multi-count conviction, the double jeopardy clause did not bar resentencing on the affirmed eight counts so long as the new sentence conformed to statutory limits and effectuated the district court's original sentencing intent. *See Welch*, 928 F.2d at 917. Applicant makes no argument that the new sentence does not conform to statutory limits or does not effectuate the district court's original sentencing intent. Thus, the resentencing does not violate the double jeopardy clause.

## IV. CONCLUSION

Based on the foregoing, the Court:

(1) DENIES Eldridge's application for writ of habeas corpus (ECF No. 1);

(2) DISMISSES the petition with PREJUDICE; and

(3) pursuant to 28 U.S.C. § 2253(a), the Court having considered the standards of *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), finds that Applicant has not made a substantial showing of the denial of a constitutional right such that reasonable jurists could disagree as to the disposition of his application. 28 U.S.C. § 2253(c)(2). Accordingly, the Court also DENIES issuing a certificate of appealability.

DATED this 15th day of January, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge